[Cite as *State v. Graham*, 2012-Ohio-34.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

GREGORY J. GRAHAM

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 2011 AP 07 0031

O P I N I O N

CHARACTER OF PROCEEDING:      Criminal Appeal from the New Philadelphia Municipal Court, Case No. TRD 1003925

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 3, 2012

APPEARANCES:

For Plaintiff-Appellee

CHRISTINE M. WEIMER
ASSISTANT PROSECUTOR
150 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

GREGORY J. GRAHAM
PRO SE
5904 State Route 800 NE
Dover, Ohio 44622

*Wise, J.*

{¶1}    Appellant Gregory J. Graham appeals from his traffic conviction, in the New Philadelphia Municipal Court, Tuscarawas County, on a citation for unlawfully driving on the left side of the roadway, R.C. 4511.30. The relevant facts leading to this appeal are as follows.

{¶2}    On the afternoon of August 10, 2010, Debra Senko was driving her automobile westbound on State Route 212 in Lawrence Township, Tuscarawas County. Senko was heading to a work-related education planning meeting. There were no adverse weather conditions that afternoon. At about 2:39 PM, Senko slowed and duly engaged her car's turn signal to make a left-hand turn onto Kingwood Drive.[1] As Senko made her turn in the intersection, her car was struck on its left side by appellant's motorcycle passing from the rear. The car received body damage, including a torn-off front bumper.

{¶3}    After the Ohio State Highway Patrol responded, appellant was given a traffic citation under R.C. 4511.30, which prohibits, among other things, driving on the left side of the road at or near an intersection. The matter proceeded to a trial before a municipal court magistrate on September 1, 2010, following which appellant was found guilty of violating the statute. He was ordered to pay a fine of $17.00 plus court costs, and two points were assessed to his driver's license.

{¶4}    Appellant, with leave of court, filed an objection to the magistrate's decision on October 22, 2010, which was heard by the trial court on February 9, 2011.

---

[1]   Appellant denied seeing Senko use her signal.

{¶5}   The trial court, via a judgment entry filed on June 30, 2011, adopted the magistrate's finding of guilty and corresponding sanctions.

{¶6}   On July 7, 2011, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:

{¶7}   "I.   THE PROSECUTION ERRED IN PROCEEDING AFTER BEING SHOWN THE EVIDENCE IN THIS CASE.

{¶8}   "II.  THE MAGISTRATE ERRED BY FINDING DEFENDANT GUILTY.

{¶9}   "III.  THE JUDGE ERRED IN FINDING THE DEFENDANT GUILTY AND CHANGING THE TESTIMONY."

I.

{¶10} In his First Assignment of Error, appellant contends the prosecution improperly proceeded on the case after reviewing photographic evidence of the intersection area.

{¶11} We note appellant's brief at this point alleges an error by the city prosecutor, rather than couching his argument as a potential error made by the trial court. See, e.g., *In re White Children,* Stark App.No. 2002CA00203, 2002-Ohio-4749, ¶ 4, citing Ohio Constitution Art. IV, § 3(B)(2). Said constitutional provision reads in pertinent part: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." See, also, App.R. 16(A)(3).

{¶12} Accordingly, we hold appellant has failed to present a cognizable assigned error for this Court to review. The First Assignment of Error is overruled.

II., III.

**{¶13}** In his Second and Third Assignments of Error, appellant contends the magistrate and judge erred in finding him guilty of violating R.C. 4511.30. We disagree.

**{¶14}** We interpret appellant's claims as being based on a theory of insufficiency of the evidence. In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶15}** R.C. 4511.30 states in pertinent part as follows:

**{¶16}** "(A) No vehicle or trackless trolley shall be driven upon the left side of the roadway under the following conditions:

**{¶17}** " * * *

**{¶18}** "(3) When approaching *within one hundred feet of or traversing any intersection* or railroad grade crossing." (Emphasis added.)

**{¶19}** Appellant first contends that the roadway at the intersection in question is not painted with yellow no-passing lines, thus making his conviction improper. However, in *Chambers v. McFerren* (1959), 168 Ohio St. 398, 155 N.E.2d 917, paragraph two of the syllabus, the Ohio Supreme Court made clear that the fact that a highway is marked by a broken line separating its right lane from its left lane and that there are no yellow lines or other markings within one hundred feet of an intersecting highway does not constitute a legal excuse for a violation of R.C. 4511.30.

{¶20} Appellant secondly contends that the area in question constitutes a "blind" intersection because of a curve and a rise in the terrain, and that finding him guilty of the offense in question violates due process. At trial, appellant introduced several photographs he took of the intersection approaches. Nonetheless, the magistrate reviewed the pictures and heard the testimony, specifically finding: " *** You know, there's a tiny bit of a hump here but the view is --- I mean you can see a long way there. You can see almost all the way to where the stores and so forth start, you know. It's a little bit hazy but you can actually see one of the stores. There's quite a line of sight there. ***." Tr. at 40-41. We are herein disinclined to substitute our judgment for that of the trier of fact.

{¶21} Appellant finally contends that in the judgment entry under appeal, the trial court "completely changed the defendant's testimony and argument." Appellant's Brief at 2. Appellant does not further elaborate on this assertion. We note App.R. 16(A)(7) provides that an appellant's brief must contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies.*" (Emphasis added). As such, we find no merit in appellant's argument in this regard.

{¶22} We hold appellant's traffic conviction under R.C. 4511.30 is supported by sufficient evidence. Accordingly, appellant's Second and Third Assignments of Error are overruled.

**{¶23}** For the reasons stated in the foregoing opinion, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                       :
                                               :
-vs-                                           :          JUDGMENT ENTRY
                                               :
GREGORY J. GRAHAM                              :
                                               :
    Defendant-Appellant                      :          Case No. 2011 AP 07 0031


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

JUDGES